■ In the Matter of the Claim of KATHERINE BARNES, Respondent. ISADOR LUBIN, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, affirming the decision of a referee which overruled the initial determination of the commissioner that held claimant ineligible to receive benefits on the ground she did not have 20 weeks of covered employment in her base period. In November, 1953 claimant was orally hired as a dresser by the Everyman Opera, Inc., and worked in that capacity for two weeks in the city of New York. After the close of its theatrical production in that city the

company went on a tour of the United States, Canada and Europe and did not return to New York. Claimant continued in her employment as a dresser until June 1, 1955 when she was hired as a singer at a greatly increased salary. The contract of hire in the latter instance was executed in writing on a standard form required by the Actors' Equity Association. In her role as a singer claimant worked for the company until June 3, 1956 when the cast was disbanded. Claimant filed a claim for benefits effective as of June 11, 1956. Her base period accordingly commenced on June 13, 1955 and ended June 10, 1956 (Unemployment Insurance Law, § 520 [Labor Law, art. 18]). An initial determination was made that she did not have 20 weeks of covered employment in her base period as required by section 527 of the statute. This determination was made on the basis that at no time during her work as a singer, under the contract of hire of June 2, 1955, did claimant perform any service in the State of New York. In other words the Industrial Commissioner separated her employment as a dresser from her employment as a singer, and if that theory is tenable claimant performed no services in the State of New York during her base period. On the other hand the referee found, and the board affirmed, that claimant was merely promoted from her job as a dresser to the role of a singer, and her employment was continuous. The referee's finding and the board's decision are consonant with the facts and the law, and a liberal interpretation of the Unemployment Insurance Law. Claimant's employment was properly viewed in its entirety. There was no break in claimant's services and she received pay continuously either as a dresser or singer during the base period. The fact that she signed a written agreement when she became a singer was merely because it was required by the union and the collective bargaining agreement to which the opera company was a party. Decision unanimously affirmed, with costs to claimant against the Industrial Commissioner. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.